# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| HERITAGE HOME GROUP, LLC, et al., | Case No. 18-11736 (BLS) |
| Debtor. | (Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of HERITAGE HOME GROUP, LLC, *et al.* | Adv. No. 20-50767 (BLS) |
| Plaintiff, | |
| v. | |
| SHELBA D. JOHNSON TRUCKING, INC., | |
| Defendant. | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SHELBA D. JOHNSON TRUCKING, INC. TO THE COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT OT 11 U.S.C. §§ 547 & 550**

Defendant Shelba D. Johnson Trucking, Inc. ("**Shelba**"), by and through its counsel, for its Answer to the Complaint [Doc. No. 1] (the "**Complaint**")[1] filed by Alfred T. Giuliano, as the chapter 7 trustee, (the "**Plaintiff**") states the following:

## PARTIES

1. Admitted.

2. Denied. Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, which are therefore denied.

3. Admitted in part; denied in part. Shelba admits only that it is a corporation formed under the laws of the State of North Carolina and that it has an office at 6706 Ashton

---

[1] Capitalized terms not otherwise defined herein shall have the meanings as defined in the Complaint.

25306243v.1

Park Drive, Oak Ridge, North Carolina.  Shelba denies the remainder of the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Admitted in part; denied in part.  Shelba admits only that the Court has jurisdiction over the parties and subject matter of this proceeding.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 4, which are therefore denied.

5. Admitted in part; denied in part.  Shelba admits only that this Court may hear and determine this proceeding and enter appropriate orders.  The remaining allegations of Paragraph 5 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 5, which are therefore denied.

6. Denied.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, which are therefore denied.

7. Denied.  The allegations of Paragraph 7 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 7, which are therefore denied.

## BASIS FOR RELIEF REQUESTED

8. Denied.  The allegations of Paragraph 8 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a

...

response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 8, which are therefore denied.

## **FACTS**

9. Denied. Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, which are therefore denied.

10. Admitted in part; denied in part. Shelba admits only that, at certain times, Shelba conducted business with Heritage Home Group, LLC and/or the affiliated debtors (the "**Debtors**") on account of which Shelba received payments for the services it rendered to the Debtors, including $261,937.78 (the "**Transfers**") received by Shelba during the 90 days immediately preceding July 29, 2018 (the "**Petition Date**"). Shelba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, which are therefore denied.

11. Admitted in part; denied in part. Shelba admits only that, at certain times, Shelba conducted business with the Debtors on account of which Shelba received payments for the services it rendered to the Debtor, including the Transfers. Shelba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, which are therefore denied.

12. Admitted in part; denied in part. Shelba admits only that the Plaintiff sent Shelba a demand letter prior to filing the Complaint and that the parties did not enter into an agreement regarding an exchange of information. The remaining allegations of Paragraph 12 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent that a response is required, Shelba is without knowledge or information

sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 12, which are therefore denied.

## FIRST CLAIM FOR RELIEF
### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13.     Shelba repeats and reasserts the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

14.     Admitted in part; denied in part.  Shelba admits only that, at certain times, Shelba conducted business with the Debtors on account of which Shelba received payments for the services it rendered to the Debtor, including the Transfers.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, which are therefore denied.

15.     Denied.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, which are therefore denied.

16.     Denied.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, which are therefore denied.

17.     Admitted in part; denied in part.  Shelba admits only that, at certain times, Shelba conducted business with the Debtors on account of which Shelba was a creditor of the Debtors.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 17, which are therefore denied.  Moreover, the allegations set forth in Paragraph 17 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

18.     Admitted in part; denied in part.  Shelba admits only that the Transfers received by Shelba were applied to debts owed by the Debtors.  Shelba is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, which are therefore denied.

19. Denied.  The allegations of Paragraph 19 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 19, which are therefore denied.

20. Denied.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, which are therefore denied.

21. Denied.  Shelba is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, which are therefore denied.

22. Denied.  The allegations of Paragraph 22 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 22, which are therefore denied.

## SECOND CLAIM FOR RELIEF
**(For Recovery of Property – 11 U.S.C. § 550)**

23. Shelba repeats and reasserts the responses contained in all of the preceding paragraphs as if the same were set forth herein at length.

24. Denied.  The allegations of Paragraph 24 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 24, which are therefore denied.

25. Denied.  The allegations of Paragraph 25 present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.  To the extent that a

response is required, Shelba is without knowledge or information sufficient to form a belief as to the truth of the balance of the allegations in Paragraph 25, which are therefore denied.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

### FIRST AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent any alleged transfer(s) were intended by the Debtor(s) and Shelba, to or for whose benefit such transfer(s) were made, to be a contemporaneous exchange for new value given to the Debtor(s); and was in fact a substantially contemporaneous exchange pursuant to 11 U.S.C. § 547(c)(1).

### SECOND AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, pursuant to 11 U.S.C. § 547(c)(2), to the extent any alleged transfer(s) were made in payment of debts incurred by the Debtor(s) in the ordinary course of business or financial affairs of the Debtor(s) and Shelba, and were made: (1) in the ordinary course of business or financial affairs of the Debtor(s) and Shelba, or (2) were made according to ordinary business terms.

### THIRD AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, pursuant to 11 U.S.C. § 547(c)(4), to the extent Shelba subsequently gave new value to or for the benefit of the Debtor(s) which was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor(s) did not make an otherwise avoidable transfer to or for the benefit of Shelba.

### FOURTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent the Debtor(s) was solvent when any alleged transfer(s) were made, and were not rendered insolvent by any of the alleged transfer(s).

### FIFTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent: (i) the Plaintiff or the Debtor(s) objected to any claim filed by Shelba, or (ii) Shelba has a scheduled claim, a valid proof of claim, or is entitled to an administrative claim against the estates of the Debtor(s) or any affiliated Debtor(s); and Shelba expressly reserves its rights to set-off any of its claims against the alleged transfer(s).

### SIXTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent the transfer(s) in question are subject to the doctrine of setoff.

### SEVENTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied, in whole or part, to the extent that Shelba was a critical vendor whose services the Debtor(s) required for the pre- and post-petition generation of revenue.

### EIGHTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied in whole or in part to the extent the transfer(s) were not made on account of an antecedent debt.

### NINTH AFFIRMATIVE DEFENSE

The relief requested in the Complaint should be denied to the extent that the transfer(s) did not enable Shelba to receive more than it would have received if this case were a case under chapter 7 of the Bankruptcy Code.

-8-

## RESERVATION OF DEFENSES

Shelba gives notice that it intends to rely upon any other defenses that may become available or apparent during investigation and discovery and reserves the right to assert additional defenses and affirmative defenses, as they become known through investigation and discovery.

## RULE 7008 STATEMENT

Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Shelba consents to the entry of a final order or judgment by the bankruptcy court.

## PRAYER FOR RELIEF

WHEREFORE, Shelba respectfully requests the following relief from the Court:

(a)  that the Complaint be dismissed in its entirety, with prejudice;

(b)  that any and all claims of Shelba be allowed in full;

(c)  that Shelba be awarded its attorneys' fees incurred herein, as well as the costs of suit and litigation expenses; and

(d)  that Shelba have such other and further relief that this Court may deem just and proper.

WHITE AND WILLIAMS LLP

Dated: September 18, 2020    By: *Marc S. Casarino*

Marc S. Casarino, Esq
Courthouse Square
600 N. King Street, Suite 800
Wilmington, DE 19801-3722

25306243v.1